UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ZEOLI,<br><br>        Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et. al*,<br><br>        Defendants.<br>_____/ | No. C-12-2785 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>**(Docket No. 18)** |

        Plaintiff Joseph Zeoli, a former inmate of San Quentin State Prison, filed this action against the State of California, California's Department of Corrections and Rehabilitation, a prison employee, and 99 Doe Defendants, for allegedly harmful acts committed during his period of incarceration. Defendants the State of California and the Department of Corrections and Rehabilitation filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket No. 18. For the reasons stated on the record and in this order, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

        As stated more fully on the record, the Court finds that Plaintiff has not sufficiently shown that he "is realistically threatened by a repetition of the violation[s]" alleged in his complaint, and, consequently, lacks standing under Article III of the Constitution of the United States to obtain prospective injunctive and declaratory relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001). Further, as Plaintiff acknowledged in his briefing on this motion, *see* Pl.'s Response (Docket No. 21) at 15:1-7, the

1 Court finds that he cannot receive an award of punitive or exemplary damages under either the
2 Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.*, or the Rehabilitation Act of
3 1973 (Rehab Act), 29 U.S.C. § 794. As such, these two elements of Plaintiff's complaint are
4 **DISMISSED** with prejudice.

5 Plaintiff has also failed to plead sufficient facts showing that three of his substantive claims
6 for alleged violations of the ADA and Rehab Act were undertaken "by reason of" or "solely by
7 reason of" his disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004);
8 *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). On the facts pled in the complaint, the
9 Court cannot draw a "reasonable inference" that the release of information concerning Plaintiff's
10 medical condition, his placement into Administrative Segregation, or the reassignment of his
11 sleeping bunk, state a plausible claim that these actions were taken because of his HIV status. *See*
12 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, Plaintiff has failed to show (and clarified he
13 does not assert) that derogatory statements allegedly made by Defendants and their agents give rise
14 to liability under the ADA and Rehab Act in light of *U.S. v. Georgia*, 546 U.S. 151 (2006), and
15 *Somers v. Thurman*, 109 F.3d 614 (9th Cir. 1997). Therefore, these elements of Plaintiff's
16 complaint are **DISMISSED** without prejudice.

17 As for the remaining elements of the complaint, Plaintiff has sufficiently alleged that the
18 conduct complained of occurred "by reason of" or "solely by reason of" his disability. Thus,
19 Defendants' Motion to Dismiss claims that they failed to protect Plaintiff during his incarceration,
20 that they purposely withheld his medication, and that they denied him other prison benefits and
21 services are hereby **DENIED**.

22 This order disposes of Docket No. 18.

24 IT IS SO ORDERED.

26 Dated: September 21, 2012

_____
EDWARD M. CHEN
United States District Judge

2