1  KAMALA D. HARRIS
   Attorney General of California
2  JAY M. GOLDMAN
   Supervising Deputy Attorney General
3  JANELLE M. SMITH
   Deputy Attorney General
   State Bar No. 231801
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:  (415) 703-5521
     Fax:  (415) 703-5843
6    E-mail:  Janelle.Smith@doj.ca.gov
   *Attorneys for Defendants The State of California
7  *and California Department of Corrections and
   *Rehabilitation*
8

   COMAR LAW
   D. INDER COMAR, ESQ.
   901 Mission Street, Suite 105
   San Francisco, CA 94103
   Telephone:  (415) 640-5856
   Facsimile:  (415) 513-0445

   *Attorneys for Plaintiff*

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13 | |
| 14 **JOSEPH ZEOLI,** | C 12-2785 WHO |
| 15                                    Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 16           **v.** | Judge:        The Honorable William H. Orrick |
| 17 **THE STATE OF CALIFORNIA,** | Action Filed:  May 31, 2012 |
| 18 **CALIFORNIA DEPARTMENT OF CORRECTIONS AND** | |
| 19 **REHABILITATION, et al.,** | |
| 20                               Defendants. | |

21        Subject to the approval of the Court, the undersigned parties stipulate that the provisions of

22  this protective order shall apply to the confidential materials, described below, that are obtained

23  by Plaintiff's counsel from the California Department of Corrections and Rehabilitation (CDCR),

24  Defendants, or their counsel.  Defendants assert that the materials covered by the protective order

25  have been deemed confidential—attorneys' eyes only by CDCR for safety and security reasons,

26  and have been restricted from general distribution, including, but not limited to inmates,

27  parolees, and the public.

28        In order to protect the confidentiality of these materials, the parties stipulate to the

    following:

1.    This order covers the following categories:

(a)    CDCR and San Quentin State Prison rules, policies, and regulations designated as confidential by CDCR officials;

(b)    Sections of the CDCR Operating Manual designated as confidential;

(c)    Any personnel documents of CDCR employees;

(d)    Documents contained in the central prison file, medical file, or parole files of an inmate or former inmate, with the exception of non-confidential documents contained in Plaintiff's central prison file, medical file, or parole files;

(e)    Any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by CDCR which may be contained in any of the materials produced to Plaintiff's counsel, with the exception of non-confidential personal information regarding Plaintiff.  Personal information consists of addresses, telephone numbers, social security numbers, birth dates, names of family members, disciplinary information, gang information, prison classification information and history, and medical or psychiatric records;

(f)    Any and all confidential gang affiliation or membership information, including, but not limited to, gang validation documents and debriefing documents;

(g)    Information regarding the identity of a confidential informant;

(h)    All testimony regarding items (a) through (g);

(i)    All motions, exhibits and attachments thereto and hearings regarding items (a) through (h); and,

(j)    All court testimony regarding items (a) through (i).

2.     Information falling within one or more of the categories enumerated in Paragraph One (1), and produced by CDCR, Defendants, or their counsel to Plaintiff's counsel may be designated confidential-attorneys' eyes only material by the producing party by stamping such material "confidential—attorneys' eyes only."  When a document consists of more than one page, the first page and each page on which confidential information appears will be stamped "confidential—attorneys' eyes only."  If a document falls within one of the enumerated categories, the lack of a "confidential—attorneys' eyes only" stamp does not alter its confidential

character.  All such material that is appropriately designated confidential material, stamped "confidential—attorneys' eyes only," and produced by CDCR, Defendants, or their counsel to Plaintiff's counsel shall be regarded as confidential and subject to this protective order.  Such material is referred to as "Confidential—Attorneys' Eyes Only Material," (hereinafter, "Confidential Material".)

3.    The Confidential Material may be disclosed only to the following persons:

(a)    The Court, court personnel, and stenographic reporters employed by the Court who are involved in proceedings in this action;

(b)    Counsel for Plaintiff;

(c)    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for Plaintiff and designated by counsel for Plaintiff to review or handle such materials;

(d)    Experts or consultants retained by Plaintiff's counsel for purposes of this action;

(e)    Court reporters;

(f)    Litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers or jury consultants) whose duties and responsibilities require access to Confidential Material; and

(g)    Any other person as to whom the Plaintiff and Defendants in writing agree.

This stipulation is intended to and precludes counsel for Plaintiff, individuals mentioned in Paragraph Three (3), subsections (a)-(g), or any other person from disclosing Confidential Material to Plaintiff, Plaintiff's family members, his friends or associates, or to any other inmate or parolee.  Confidential Material may be used in depositions only if, at the time of examination concerning such material, no other individuals other than those to whom Confidential Material may be disclosed are present.  Confidential Material may be used at the depositions of Defendants, current or former employees of the CDCR, and other persons employed at CDCR facilities (with the exception of inmates and parolees).

Except for the Court and counsel for Plaintiff, each such person listed above to whom disclosure of Confidential Material is made shall, prior to the time of disclosure, be provided with a copy of the protective order, and execute a non-disclosure agreement.  (*See* attached Non-

1    Disclosure Agreement.)  Such persons must consent to be subject to the jurisdiction of the United

2    States District Court for the Northern District of California with respect to any proceeding

3    relating to the enforcement of this protective order.  They must additionally agree to maintain

4    Confidential Materials, including copies, notes, or other transcriptions made from the materials,

5    in a secure manner to prevent unauthorized access.  Finally, they must agree to return the

6    Confidential Material, including copies, notes, or other transcriptions made from the materials, to

7    counsel for Plaintiff within thirty (30) days after the conclusion of this action.  Executed non-

8    disclosure agreements shall be retained by Plaintiff's counsel, and made available for inspection

9    by counsel for Defendants upon order of the Court.

10        If Plaintiff's counsel wishes to disclose Confidential Material to any person not enumerated

11   above in Paragraph Three (3), subsections (a)-(g), Plaintiff's counsel must file a motion under

12   the Local Rules of this Court, which motion shall include an identification of the person to whom

13   the disclosure would be made and shall attach a copy of the Non-Disclosure Agreement signed

14   by said person.  The disclosure of Confidential Material to any person not enumerated in

15   Paragraph Three (3), subsections (a)-(g), shall be withheld pending the ruling of the Court on any

16   such motion.  In the pretrial statement, each party shall submit a statement concerning the use of

17   confidential material at trial, and proposed procedures appropriate for limiting dissemination of

18   such material.

19        4.    No person who has been afforded access to Confidential Material under this  stipulation

20   shall disclose or discuss the Confidential Material except as is necessary to the prosecution,

21   defense, or settlement of this litigation, and then only in accordance with Paragraph Three (3) of

22   this order.

23        5.    Personal information of current and former CDCR employees, including but not limited

24   to social security numbers, telephone numbers and home addresses, shall be redacted from all

25   discovery documents regardless of their confidential status.  Additionally, identification of non-

26   plaintiff inmates or parolees shall be redacted from all discovery contained in the confidential

27   section of Plaintiff's C-file.  If Plaintiff seeks un-redacted copies of produced documents,

28   Defendants will submit those documents to the Court for an in camera review for determination

of relevance and the need for disclosure.

6. If Plaintiff seeks to depose, interview or otherwise confer with any confidential informant or other inmate or parolee whose name appears on any documents found in the confidential section of Plaintiff's C-file, Plaintiff must seek leave of court to do so. The Court will allow the Plaintiff to contact these individuals if it determines, after conducting an in camera review of the materials in which these individuals were named, that speaking to these individuals would be relevant to and would aid Plaintiff in the prosecution of his lawsuit, can be done without jeopardizing the safety of these individuals or their families, and would not discourage or chill the flow of information normally provided by confidential informants.

7. Counsel for Plaintiff, his legal assistants, experts, and consultants shall not make copies of the Confidential Material obtained by them, except as is necessary for purposes of this litigation. Counsel for Plaintiff will maintain control over all Confidential Material and copies obtained by him.

8. If Confidential Material, including any portion of a deposition transcript designated as "confidential," is included in any papers to be filed in Court, the party seeking to file such papers shall file a Motion to File Under Seal in accordance with and to the extent allowable by the Northern District of California Civil Local Rule 79-5, and lodge such papers with the Clerk as required under Northern District of California Civil Local Rule 79-5.

9. All Confidential Material obtained by counsel for Plaintiff shall be used solely in connection with this litigation or a related appellate proceeding, and not for any other purpose, including any other litigation.

10. No later than thirty (30) days after the conclusion of the trial and any appeal, or upon other termination of this litigation, all Confidential Material obtained by counsel for Plaintiff, and all copies of such materials, shall be destroyed returned to defense counsel.

11. The limitations on access to Confidential Material contained in the foregoing provisions of this order do not apply to Defendants, their counsel, employees, representatives, consultants, or experts. Nothing in this protective order is intended to prevent officials or employees of the State of California or other authorized governmental officials from having access to Confidential

Material to which they would have access in the normal course of their official duties.  Neither the filing with the Court of motions, exhibits, or attachments containing personal or otherwise confidential information about any individual Defendant nor the service on Defendant's counsel of such motions, exhibits, or attachments, shall be deemed to constitute disclosing Confidential Material to any individual Defendant in violation of the terms of this Protective Order.

12.  This agreement is not intended to be a waiver of any privilege, right, or grounds for objection in discovery proceedings, or to preclude introducing the document or item into evidence at the time of arbitration, mediation, or trial.  Disclosure of Confidential Material may not be compelled simply because it is covered by this order.

13.  The provisions of this protective order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents; or (e) to apply to the Court for a modification of this order, or for any order permitting disclosure of Confidential Material beyond the terms of this order.

14.  This protective order shall govern all aspects of this case and all appellate proceedings, except that the Court will address requests for the use of confidential materials at trial, and institute appropriate procedures to govern the use of confidential materials at trial.

15.  The provisions of this order shall remain in force and effect until further order of this Court.

16.  Should Plaintiff's counsel, or any individual mentioned in Paragraph Three (3) of this Order, fail to comply with any provisions of this protective order, the Court may, in its discretion, impose sanctions on the appropriate party including, but not limited to, those sanctions outlined in Federal Rule of Civil Procedure 37(b)(2).

SO STIPULATED:

DATED: _____June 25, 2013_____          _/s/ D. Inder Comar_____
                                                  D. INDER COMAR, Esq.

6

*Attorney for Plaintiff Joseph Zeoli*

DATED: _____June 25, 2013_____        __*/s/ Janelle M. Smith*_____
                                              JANELLE M. SMITH
                                              Deputy Attorney General
                                              *Attorney for Defendants*
                                              *The State of California and*
                                              *The California Department of*
                                              *Corrections and Rehabilitation*

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: July 10, 2013

_____
HON. WILLIAM H. ORRICK
United States District Court Judge

     As required by Local Rule 5-1, I, Janelle M. Smith, attest that I obtained concurrence in the filing of this document from D. Inder Comar.

7

1

2

3

## <u>NON-DISCLOSURE AGREEMENT</u>

*Zeoli v. The State of California, et al.*, USDC-ND Case No. C 12-2785 WHO

4

5

    I, _____, hereby certify my understanding that

6

Confidential Material is being provided to me pursuant to the terms and restrictions of the

7

Protective Order dated _____, in *Zeoli v. The State of California., et al.*, case

8

number C 12-2785 WHO.  I have been given a copy of the Protective Order and have read it.  I

9

agree to be bound by the Protective Order, and will not reveal the Confidential Material to

10

anyone, except as allowed by the Order.  I will maintain all such Confidential Material that is

11

provided to me, including copies, notes, or other transcriptions made from the materials, in a

12

secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the

13

conclusion of this action, I will return the Confidential Material, including copies, notes, or other

14

transcriptions made from the materials, to counsel for Plaintiff.  I hereby consent to the

15

jurisdiction of the United States District Court of the Northern District of California for the

16

purpose of enforcing the Protective Order.

17

18

DATED: _____                    _____

19

                                                                          Signature

20

21

SF2012204821

22

20700085.doc

23

24

25

26

27

28